UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIGOBERTO CARDENAS-BORBON,

        Petitioner,

                                     CASE NO. 2:10-CV-13548
v.                                  HONORABLE AVERN COHN

DEBRA SCUTT,

        Respondent.

_____/

**MEMORANDUM AND ORDER
GRANTING PETITIONER'S MOTION FOR A STAY,
HOLDING PETITION IN ABEYANCE
AND ADMINISTRATIVELY CLOSING CASE**

I.

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Rigoberto Cardenas-Borbon ("Petitioner"), was convicted of possession with intent to deliver 1,000 or more grams of cocaine and conspiracy to possess with intent to deliver 1,000 or more grams of cocaine following a jury trial in the Macomb County Circuit Court in 2006 and was sentenced to consecutive terms of 16 to 40 years imprisonment. In his *pro se* petition for a writ of habeas corpus, Petitioner raises 24 claims challenging the constitutionality of his state criminal proceedings. Before the Court is Petitioner's motion to stay this case and hold his habeas petition in abeyance pending the exhaustion of state court remedies as to unexhausted claims in his petition. For the reasons that follow, the motion will be granted, the petition will be held in abeyance, and the case will be administratively closed.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D.

Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The

burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

III.

Here, it appears from Petitioner's pleadings that he has not exhausted state court

remedies as to several of his 24 habeas claims.  Petitioner seeks a stay so that he may

do so.  The Michigan Rules of Court provide a process through which Petitioner may

raise his unexhausted claims.  In fact, Petitioner states that he intents to file a motion for

relief from judgment, pursuant to Michigan Court Rule 6.500 *et seq.*, in the Macomb

County Circuit Court.  Petitioner may then appeal the trial court's decision to the state

appellate courts if necessary.  Petitioner's unexhausted claims should be addressed to,

and considered by, the Michigan courts in the first instance.

A federal district court has discretion to stay a mixed habeas petition to allow a

petitioner to present his unexhausted claims to the state courts in the first instance and

then return to federal court on his perfected petition.  *See Rhines v. Weber*, 544 U.S.

269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such

as when the one-year statute of limitations applicable to federal habeas actions poses a

concern, and when the petitioner demonstrates "good cause" for the failure to exhaust

state court remedies before proceeding in federal court. the unexhausted claims are not

"plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics.  *Id.*

at 277.

In this case, Petitioner has shown the need for a stay.  It appears that several of

his claims are unexhausted and that the one-year limitations period applicable to federal

habeas actions could pose a problem if the Court were to dismiss the petition to allow

3

for further exhaustion of state remedies.  *See* 28 U.S.C. § 2244(d)(1).  Additionally, Petitioner may have discovered the legal or factual basis for some of his claims after the conclusion of his direct appeals.  The Court thus finds that Petitioner has shown good cause for failing to previously present his unexhausted claims to the state courts.  The Court further finds that the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay.  Therefore, the Court shall stay the proceedings and hold this case in abeyance pending Petitioner's exhaustion of his state court remedies as to his unexhausted claims.

IV.

Accordingly, for the reasons stated above, Petitioner's motion to stay the proceedings is GRANTED and this case is STAYED.  The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 60 days of this order by filing a motion for relief from judgment with the trial court.  *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days of fully exhausting state remedies.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case may be dismissed.

Finally, this case is CLOSED for administrative purposes pending compliance with these conditions.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: September 14, 2010


I hereby certify that a copy of the foregoing document was mailed to Rigoberto Cardenas-Borbon, #630964, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI, 49201, and the attorneys of record on this date, September 14, 2010, by electronic and/or ordinary mail.

 S/Shawntel Jackson
Relief Case Manager, (313) 234-5160