UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIGOBERTO CARDENAS-BORBON,

    Petitioner,

v.                                                          Case No. 10-13548

SHERRY BURT,[1]                                 HON. AVERN COHN

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**OVERRULING PETITIONER'S OBJECTIONS (Doc. 31)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 27)**
**AND**
**DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**
**AND**
**DENYING A CERTIFICATE OF APPEALABILITY**
**AND DISMISSING CASE**

I.  Introduction

This is a _pro se_ habeas case under 28 U.S.C. § 2254. Michigan prisoner Rigoberto Cardenas-Borbon ("Petitioner"), was convicted of possession with intent to deliver 1,000 or more grams of cocaine and conspiracy to possess with intent to deliver 1,000 or more grams of cocaine following a jury trial in the Macomb County Circuit Court in 2006. He was sentenced to consecutive terms of 16 to 40 years imprisonment. In 2010, upon Petitioner's request, the Court stayed the habeas proceedings so that Petitioner could return to state court and present additional unexhausted claims. (Doc.

---

[1]Debra Scutt was the original respondent. Sherry Burt was substituted as the respondent upon Petitioners transfer to th facility where Burt is the warden. See Doc. 18, p. 1, n.1.

5).  Petitioner returned to state court and exhausted his claims.  He then moved to reopen the case and proceed on an amended habeas petition.  The Court granted the motion.  (Doc. 18).  The petition presents a total of 24 claims, some with sub-parts.  These claims include the claims raised on direct appeal and claims raised on collateral review.

The matter was then referred to a magistrate judge for a report and recommendation (MJRR) (Doc. 25).  The magistrate judge, in a thorough-going analysis, issued a MJRR recommending that the petition be denied because Petitioner's claims either lack merit or are not cognizable on habeas review.  (Doc. 27).

Before the Court are Petitioner's objections to the MJRR.  (Doc. 31).  For the reasons that follow, the objections will be overruled, the MJRR and supplemental MJRR will be adopted, the petition will be denied, a certificate of appealability will be denied, and the case will be dismissed.

II.

The MJRR accurately sets forth the background facts leading to Petitioner's conviction and the procedural history of the case.  The MJRR also articulates the applicable standard of review and correctly recites the established law pertinent to each of Petitioner's claims.  As grounds for relief, petitioner raised a multitude of claims.  They allege errors and challenges regarding the sufficiency of the evidence, the joint trial, police and prosecutor conduct, probable cause and jurisdiction, expert testimony, jury instructions, jury composition, speedy trial, and ineffective assistance of trial and appellate counsel.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

IV.

Petitioner's objections do not carry the day. In this first objection, Petitioner contends that the magistrate judge did not address two of the claims he presented on collateral review. Petitioner is mistaken. Petitioner's claim regarding errors in pretrial proceedings, including a probable cause determination (which he says was Claim VI on collateral review) is addressed in section II. H. of the MJRR. Petitioner's claims regarding the trial court's ruling regarding co-conspirator statements (which he says was Claim VII on collateral review) is addressed in Section II. G. of the MJRR. Petitioner's remaining objections challenge the magistrate judge's analysis of certain claims. Namely, Petitioner says that the magistrate judge erred in concluding he is not entitled to relief on his claims regarding the sufficiency of the evidence, ineffective assistance of counsel, the joint trial, prosecutorial misconduct, and his claims regarding probable cause and bind over jurisdiction. The magistrate judge carefully considered all of these

claims and concluded they lacked merit or were not the type of claims upon which habeas relief can be granted. The Court finds no error in the magistrate judge's analysis and conclusion.

Accordingly, Petitioner's objections are OVERRULED. the MJRR and the supplemental MJRR are ADOPTED as the findings and conclusions of the Court. The petition is DENIED.

Finally, the magistrate judge recommends that a certificate of appealability be denied. The Court agrees with the magistrate judge that Petitioner is not entitled to a certificate of appealability because reasonable jurists would not debate whether Petitioner is entitled to relief on his claims or that they should proceed further. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 27, 2014, by electronic and/or ordinary mail.

Sakne Chami  
Case Manager, (313) 234-5160

4